<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ : | |
| LAMONT FITCH, : | |
| : | |
| Petitioner, : | Civ. No. 09-2589 (GEB) |
| : | |
| v. : | **MEMORANDUM OPINION** |
| : | |
| UNITED STATES OF AMERICA : | |
| : | |
| Respondent. : | |
| : | |
| _____ : | |

<u>**BROWN, Chief District Judge**</u>

This matter comes before the Court upon the petition of Lamont Fitch ("Fitch") filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  [Docket # 1]  The Court has considered all submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.  Having done so, the Court will strike Fitch's present § 2255 petition without prejudice for the reasons that follow.

I.      **BACKGROUND**

On March 24, 1999, the Court sentenced Fitch to 802 months imprisonment after he was convicted of violating various sections of Title 18 of the United States Code.  [# 1 at 1.]  Fitch remains incarcerated pursuant to the Court's sentence.  [# 1]  On May 29, 2009, Fitch filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  [# 1]  In his petition, Fitch raised various legal arguments and also requested a copy of his "case transcript", among other things.  [#1 at 14.]  On September 4, 2009, the United States Attorney for the District of

New Jersey requested that the Court advise Fitch of the decision of the United States Court of Appeals for the Third Circuit in *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999).  [# 4]  On September 9, 2009, the Court issued Fitch a *Miller* order.  [# 5]  Fitch responded to the Court's *Miller* order on October 13, 2009, and stated in sum that he did not wish the Court to consider his present § 2255 petition in light of *Miller*.  [# 6]  Instead, Mr. Fitch requested leave to file an amended § 2255 petition, "if need be".  [# 6 at 2.]

## II.   DISCUSSION

On May 29, 2009, Fitch filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  [# 1]  Under *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999), a person seeking relief from a sentence imposed by a federal court under 28 U.S.C. § 2255 must include in a single petition all potential claims because a second or successive petition under § 2255 must be dismissed unless certain very specific and rare circumstances exist.  On September 9, 2009, the Court issued Fitch a *Miller* order that advised he could: (1) have his pleading ruled upon as filed; (2) expressly request that his pleading be construed as a petition under § 2255; (3) withdraw his pleading, "and file an all inclusive § 2255 petition subject to the one-year period set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255."  [# 5]   In response to the Court's *Miller* order, Fitch submitted a letter on October 13, 2009, in which Fitch clearly stated that he, "could not possibly put forth that the submitted [§ 2255] motion is indeed an 'all inclusive' application."  [# 6]   Further, Fitch requested, "that the Court proceed and allow me to amend my petition, if need be . . . .".  [# 6]   Having considered Fitch's October 13, 2009 response to the Court's *Miller* order, the Court will strike Fitch's present petition without prejudice to refile subject to the one-year period set forth in the Antiterrorism and Effective

Death Penalty Act, 28 U.S.C. § 2255.

## III.    CONCLUSION

For the foregoing reasons, the Court will strike Fitch's petition without prejudice.

Further, the Court will order the Clerk of the Court to CLOSE this case.  An appropriate form of order accompanies this memorandum opinion.

Dated: October 19, 2009

_____/s/ Garrett E. Brown, Jr._____
GARRETT E. BROWN, JR., U.S.D.J.
